UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CYPRESS SEMICONDUCTOR CORP., a Delaware corporation,<br><br>           Plaintiff,<br><br>  v.<br><br>PROMOS TECHNOLOGIES INC., a Taiwan corporation,<br><br>           Defendant. | Case No.: 5:12-CV-04620 EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT; DENYING AS MOOT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>**[Re: Docket Nos. 30, 31]** |

Presently before the Court are two motions: Defendant ProMOS Technologies Inc.'s ("Defendant") Motion to Set Aside Default, see Docket Item No. 31, and Plaintiff Cypress Semiconductor Corp.'s ("Plaintiff") Motion for Default Judgment, see Docket Item No. 30. The Court found this matter appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b) and vacated the associated hearing. See Docket Item No. 38. For the reasons stated below, the Court has determined that Defendant's motion will be granted; as such Plaintiff's motion will be denied as moot.

1

Case No.: 5:12-CV-04620 EJD
ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT; DENYING AS MOOT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

## I. Background

Plaintiff filed the Complaint that underlies this action on September 4, 2012. Docket Item No. 1. In the Complaint, Plaintiff claims a breach of contract, which forms the basis of all of the Complaint's other claims. See id. ¶¶ 22–43. The contract contains a clause requiring the parties to settle disputes, such as the dispute underlying the Complaint, through binding arbitration. See Ex. A, Docket Item No. 1-1, ¶ 11.2 (filed under seal).

On April 5, 2013, upon the continued failure to receive an answer from Defendant, Plaintiff requested an entry of default. See Docket Item No. 25. The Clerk entered Defendant's default on April 8, 2013. See Docket Item No. 26. Defendant now seeks to set aside the default, see Docket Item No. 31, and Plaintiff filed its Motion for Default Judgment, see Docket Item No. 30, both present before the Court.

## II. Discussion

Federal Rule of Civil Procedure 55(c) provides that a court "may set aside an entry of default for good cause." The district court has discretion to determine whether a party has sufficiently demonstrated "good cause." Madsen v. Bumb, 419 F.2d 4, 6 (9th Cir. 1969). The court's discretion is particularly broad where a party seeks to set aside entry of default rather than default judgment. Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1985). In the Ninth Circuit, three factors must be considered in a "good cause" analysis: (1) whether the defaulting party engaged in culpable conduct that led to default; (2) whether the defaulting party had a meritorious defense; or (3) whether reopening the default would prejudice the nondefaulting party. See Franchise Holding II, LLC v. Huntington Rests. Grp., Inc., 375 F.3d 922, 925–26 (9th Cir. 2004). A motion to set aside a default may be denied if any of the three factors weighs against the moving party. See id. at 926.

**A.  Culpable Conduct**

With respect to the first factor, conduct is culpable only where there is an intentional failure to answer. See TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 697–98 (9th Cir. 2001). A defendant's conduct is culpable "if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1092 (9th Cir. 2010) (culpability requires the defendant to have "acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process'") (quoting TCI Group, 244 F.3d at 697).

Here, the record indicates that Defendant lacks culpability in its delay in answering the Complaint. Defendant's Chief Legal Officer Ming-Hsing Yang states under penalty of perjury that Defendant first learned of the lawsuit several months after Plaintiff's initial attempt at service and that Defendant did not intentionally fail to answer during those months. See Declaration of Ming-Hsing Yang ("Yang Decl."), Docket Item No. 31-2, at ¶ 3. As such, Defendant asserts, the reason for the delay was due to confusion about service of the Complaint on Defendant. In the first attempt of service, on or around January 14, 2013, Plaintiff served the summons on Jatlin Mehta, an independent sales representative of Defendant who was not authorized to receive service on Defendant's behalf. Mot. to Set Aside, at 1–2; Yang Decl. ¶ 7. Despite this, Plaintiff labeled Mr. Mehta the "Authorized Agent" of Defendant to receive service. Id. (citing Plaintiff's Affidavit of Service, Docket Item No. 15). When Plaintiff again attempted to serve summons on or around March 11, 2013, this time Plaintiff delivered it to the wrong address. See Mot. to Set Aside, at 2, 8; id. Exs. A-D, Docket Item No. 31-2 (demonstrating that Plaintiff "expressly attempted service" at the wrong address and subsequently refrained from serving at the correct address, which was just one building away). Defendant further contends that when it did learn of the lawsuit upon receiving a copy of notice of entry of default mailed to the correct address on or around April 17, 2013, it took steps immediately to respond. See Mot. to Set Aside, at 2–3; Yang Decl. ¶ 3.

3
Case No.: 5:12-CV-04620 EJD
ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT; DENYING AS MOOT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Defendant has provided an explanation for its neglect to file an answer that is "inconsistent with a devious, deliberate, willful, or bad faith failure to respond." Mesle, 615 F.3d at 1092 (internal quotations and citations omitted). Therefore, Defendant has not engaged in culpable conduct under Mesle; this factor weighs in Defendant's favor.

### B. Meritorious Defense

With respect to the second factor, a defendant need not prove—during the motion to set aside default—that its defense would succeed. Rather, at this point in the pleadings, the "underlying concern . . . is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986). Defendant need only "allege sufficient facts that, if true, would constitute a defense." Mesle, 615 F.3d at 1094. Furthermore, the meritorious defense requirement is also more liberally applied on a Rule 55(c) motion to set aside entry of default than on a Rule 60(b) motion to set aside default judgment. See id. at 1091 n.1.

Here, Defendant raises at least one possible defense that satisfies the meritorious defense factor. Defendant points to the contract's requiring disputes to be settled through arbitration in Hong Kong as support of its Rule 12(b)(3) defense of improper venue. Ex. A, Docket Item No. 1-1, ¶ 11.2. Courts generally are required to "rigorously enforce agreements to arbitrate." Shearson/Am. Express, Inc. v. McMahon, 482 U.S. 220, 226 (1987). Indeed, one of the cases Plaintiff relies on, LP Digital Solutions, did enforce a forum-selection clause—and through the same 12(b)(3) defense that Defendant raises here. LP Digital Solutions v. Signifi Solutions, Inc., 2013 WL 425091 (C.D. Cal. Jan. 31, 2013), cited in Opp'n at 9. Liberally construed, therefore, Defendant has adequately demonstrated the merits of at least one of its legally cognizable defenses.

4
Case No.: 5:12-CV-04620 EJD
ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT; DENYING AS MOOT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

**C. Prejudice**

With respect to the third factor, the "standard is whether [Plaintiff's] ability to pursue [its] claim will be hindered." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984). The Court rejects Plaintiff's argument that the passage of time has amounted to prejudice in that Plaintiff has failed to sufficiently show a "greater harm than simply delaying resolution of the case." TCI Group, 244 F.3d at 701 (internal citation and quotation marks omitted). Moreover, Plaintiff's conduct belies this argument: The events underlying the dispute occurred in 2008, and Plaintiff waited approximately four years before filing the Complaint. As such, Plaintiff has failed to establish that delay that may result from the setting aside the default would result in "tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." J & J Sports Prods., Inc. v. Nguyen, No. 5:11-CV-01166 EJD, 2011 WL 6294332, at *2 (N.D. Cal. Dec. 14, 2011) (citing Thompson v. Am. Home Assur. Co., 95 F.3d 429, 433–34 (6th Cir. 1996)).

**III. Conclusion**

The three factors in the good cause analysis favor setting aside the entry of default pursuant to Rule 55(c). This conclusion is consistent with the strong public policy that generally disfavors default judgments in favor of resolving a case on its merits. See Pena v. Seguros La Comercial S.A., 770 F.2d 811, 814 (9th Cir. 1985).

Accordingly, Defendant's motion to set aside the default against is GRANTED. Because Defendant is no longer in default, Plaintiff's motion for a default judgment is DENIED as moot.

**IT IS SO ORDERED.**

Dated: July 25, 2013

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:12-CV-04620 EJD
ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT; DENYING AS MOOT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT